**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISTIAN CASAS JIMENEZ, | No. 23-3688 |
| Petitioner, | Agency No. A204-497-120 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2024**
Pasadena, California

Before: BYBEE, IKUTA, and BADE, Circuit Judges.
Dissent by Judge BYBEE.

Cristian Casas Jimenez, a native and citizen of Mexico, petitions for review

of an order from the Board of Immigration Appeals (BIA). The BIA dismissed

Casas Jimenez's appeal of a decision by an immigration judge (IJ) denying his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for a waiver of inadmissibility and an adjustment of status. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Failure to exhaust an argument before the BIA, as required by 8 U.S.C. § 1252(d)(1), is not jurisdictional, but violates a mandatory claim-processing rule if properly raised. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (citing *Santos-Zacaria v. Garland*, 598 U.S. 411, 417 (2023)). "Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." *Id.* (citation and internal quotation marks omitted). Failure to exhaust a claim before the BIA requires the court to deny the unexhausted portion of the petition. *See id.* A petitioner will "be deemed to have exhausted only those issues he raised and argued in his brief before the BIA." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam).

The IJ denied Casas Jimenez's request for a waiver of inadmissibility under 8 U.S.C. § 1182(h)(2) (allowing the Attorney General to waive the inadmissibility of an alien in an exercise of discretion), which Casas Jimenez needed in order to obtain adjustment of status. The IJ reasoned as follows: Casas Jimenez had been convicted of violent crimes (a fact that Casas Jimenez does not dispute).

Therefore, in order to be eligible for a waiver of inadmissibility, Casas Jimenez needed to "clearly demonstrate[] that the denial of the application for adjustment of status . . . would result in exceptional and extremely unusual hardship."  8 C.F.R. § 1212.7(d).  Moreover, "a showing of extraordinary circumstances might still be insufficient to warrant a favorable exercise of discretion" to grant a waiver of inadmissibility.  *Id.*

The IJ considered the facts in the record and the totality of the circumstances, and concluded that Casas Jimenez failed to meet his burden because "the hardship does not rise to the exceptional and extremely unusual level required to be eligible for the waiver under the heightened standard" in 8 C.F.R. § 1212.7(d).  Among other bases for this conclusion, the IJ held that Casas Jimenez had not shown that his departure would impose harm on his qualifying relatives that "would result in exceptional and extremely unusual hardship 'substantially beyond' that which would ordinarily result from removal."  The IJ also determined that Casas Jimenez did "not merit a favorable exercise of discretion" in light of his multiple convictions for violent crimes.  Because Casas Jimenez was thus inadmissible to the United States under 8 U.S.C. § 1182(a)(2), and the IJ denied Casas Jimenez's application for a waiver of inadmissibility, Casas Jimenez was not eligible for adjustment of status.

On appeal to the BIA, Casas Jimenez stated that the questions for the BIA were "whether the commission of [domestic violence] offenses outweighs the effect of [Casas Jimenez's] removal on his qualifying family members (*i.e.* Can [Casas Jimenez] establish exceptional and extremely unusual hardship to his spouse and son?)" and "whether the positive equities outweigh the negative factors in the case, warranting a favorable exercise of discretion." With respect to the first question, Casas Jimenez made the bare statement that "the IJ committed clear error regarding the factual determinations relating to future hardship." The remainder of Casas Jimenez's brief discusses facts that were before the IJ.

On appeal, the BIA addressed the second question identified by Casas Jimenez and held that Casas Jimenez "fail[ed] to meaningfully challenge, and thus waive[d], the Immigration Judge's determination that he does not warrant the waiver of inadmissibility as a matter of discretion." Specifically, the BIA held that Casas Jimenez did not "identify how the Immigration Judge erred or otherwise explain[] how he has demonstrated he warrants the waiver of inadmissibility as a matter of discretion." Thus, the BIA deemed this question—and therefore Casas Jimenez's applications for waiver of inadmissibility and for adjustment of status—waived.

The BIA was correct. Casas Jimenez's brief to the BIA fails to identify any factual or legal error made by the IJ in determining that Casas Jimenez does not merit a favorable exercise of discretion. Therefore, the BIA did not err in concluding that Casas Jimenez waived a challenge to this holding.

In his petition before the Ninth Circuit, Casas Jimenez argues that the BIA deprived him of his due process rights by holding that he waived his arguments. But in his appellate brief, Casas Jimenez relies solely on his bare statement in his Notice of Appeal to the BIA that the IJ erred (without any argument), and states that the BIA failed to conduct a de novo review of questions of law, discretion, and judgment. Casas Jimenez's reliance on his Notice of Appeal to the BIA is unavailing; because Casas Jimenez filed a brief before the BIA, "the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed," and Casas Jimenez "will therefore be deemed to have exhausted only those issues he raised and argued in his brief before the BIA." *Abebe*, 554 F.3d at 1208. Casas Jimenez's argument that the BIA failed to conduct do novo review is similarly unavailing. Unless the alien raises an argument as to why the IJ erred, there is nothing for the BIA to review, and Casas Jimenez raised no such argument.

Because Casas Jimenez failed to provide a claim before the BIA about how the IJ erred factually or legally, Casas Jimenez failed to put the BIA on notice of his challenges. *See Umana-Escobar*, 69 F.4th at 550. Therefore, we deny Casas Jimenez's petition for review as unexhausted.

**PETITION DENIED.**

*Casas Jimenez v. Garland*, No. 23-3688

BYBEE, Circuit Judge, dissenting:

Because Casas Jimenez meaningfully challenged the IJ's decision to the Board, I would grant the petition for review and remand to the Attorney General.

Casas Jimenez framed the inquiry to the BIA by stating:

> The question for the Board is twofold. First, whether the commission of these [criminal] offenses outweighs the effect of [Casas Jimenez's] removal on his qualifying family members (*i.e.*[,] Can [Casas Jimenez] establish exceptional and extremely unusual hardship to his spouse and son?). Second, whether the positive equities outweigh the negative factors in the case, warranting a favorable exercise of discretion.

Petitioner then discussed the positive and negative equities of his case, which were factors for the IJ to consider in determining whether to exercise favorable discretion. By acknowledging the relevant inquiry, Casas Jimenez provided the Board with notice of the basis of his appeal. And by discussing the adverse and favorable factors that he believes the IJ incorrectly weighed, Petitioner offered a meaningful challenge to the IJ's decision.

Because the BIA incorrectly found that Petitioner failed to challenge the IJ's decision, I would grant the petition for review. I respectfully dissent.